**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4622**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DONTA MONTRICE OLIVER,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Senior District Judge.  (3:19-cr-00188-FDW-SCR-1)

_____

Submitted:  May 20, 2025          Decided:  June 12, 2025

_____

Before GREGORY and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Eric J. Foster, Asheville, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donta Montrice Oliver appeals the sentence imposed following the revocation of his supervised release, claiming that his sentence is procedurally unreasonable because the district court failed to explain its reasons for imposing a term of supervised release in addition to a five-month prison term. Finding no reversible error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. This [c]ourt will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "To consider whether a revocation sentence is plainly unreasonable, this [c]ourt must first determine whether the sentence is procedurally or substantively unreasonable." *Id.* "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Id.* at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted). "A sentence within the policy statement range is presumed

2

reasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).

Citing both waiver and the invited error doctrine, the Government claims that Oliver requested a term of supervision and therefore is precluded from asserting on appeal that the court failed to adequately explain the imposition of the term of supervised release. "A waiver is the intentional relinquishment or abandonment of a known right." *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (internal quotation marks omitted). In the sentencing context, a defendant waives a sentencing issue when he raises that issue in the district court but then withdraws it. *E.g., United States v. Morehouse*, 34 F.4th 381, 394-95 (4th Cir. 2022); *Robinson*, 744 F.3d at 298. Here, because Oliver did not raise and then withdraw an objection to the imposition of a term of supervised release, he did not waive appellate review of this issue.

The invited error doctrine precludes a party from arguing on appeal that the district court erred when the court merely acted in compliance with the party's request. *United States v. Mathis*, 932 F.3d 242, 257-58 (4th Cir. 2019); *see also United States v. Hickman*, 626 F.3d 756, 772 (4th Cir. 2010) ("Under ordinary circumstances, this court will not consider alleged errors that were invited by the appellant."). Oliver requested a revocation sentence of time served plus a term of supervised release. On appeal, he argues that the district court procedurally erred by failing to explain why it imposed a term of supervised release *in addition to* a term of imprisonment exceeding time served. We conclude that Oliver did not invite the error he contends the court committed.

3

Nevertheless, "[b]ecause [Oliver] did not raise any objection to the court's explanation of his sentence, we review the record below for plain error." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). To establish plain error, Oliver must demonstrate that: (1) the district court erred; "(2) the error is plain"; "(3) the error affects substantial rights"; and (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Henderson v. United States*, 568 U.S. 266, 272 (2013) (cleaned up).

Turning then to Oliver's assertion that the district court failed to explain the reasons for imposing the term of supervised release, a "court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). However, "it still must provide a statement of reasons for the sentence imposed." *Id.* (internal quotation marks omitted). The court's explanation also must assure us that it considered any potentially meritorious arguments raised by the parties as to the appropriate sentence to be imposed. *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018).

When fashioning an appropriate revocation sentence, "the [district] court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." United States Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. (3)(b), p.s.; *see Webb*, 738 F.3d at 641. The district court considered that Oliver breached the court's trust by violating the conditions of supervised release. The court also considered relevant § 3553(a) factors in imposing the five-month term of imprisonment, including Oliver's history and characteristics—in particular his record of violent crimes, 18 U.S.C.

4

§ 3553(a)(1); the need to deter Oliver from further crimes, 18 U.S.C. § 3553(a)(2)(B); and the need to protect the public, 18 U.S.C. § 3553(a)(2)(C). *See* 18 U.S.C. § 3583(e) (listing § 3553(a) factors court may consider when modifying or revoking the conditions of supervised release). The court expressly rejected Oliver's request for a time-served prison term, because it determined that his conduct did not support such a sentence.

Oliver argues that the court gave no indication that the § 3553(a) factors were relevant to its imposition of the term of supervised release. However, we can consider the district court's analysis of the § 3553(a) factors used to determine the term of imprisonment when considering the adequacy of the court's explanation for imposing supervised release terms. *See United States v. Aplicano-Oyuela*, 792 F.3d 416, 425 (4th Cir. 2015) ("A court's sentencing rationale . . . can support both imprisonment and supervised release."). Moreover, in imposing the standard conditions of supervised release, the court explained that they were reasonably related to the goal of regulating Oliver's conduct and activity as he transitioned from incarceration. The court also explained that the standard conditions furthered the goals of supervised release including deterrence and protecting the public, and it considered Oliver's history and characteristics, criminal record, breach of the court's trust, and admitted conduct. We conclude that the district court adequately explained its reasons for imposing a term of supervised release.[*]

---

[*] While contending that the court failed to address the 18 U.S.C. § 3553(a) factors, Oliver argues that those factors did not weigh in favor of imposing a term of supervised release. To the extent that Oliver's argument may be construed as a challenge to the substantive reasonableness of the supervised release portion of Oliver's revocation sentence, we find no merit to his claim. First, he maintains that 18 U.S.C. § 3553(a)(4)

Because we discern no error, plain or otherwise, in the district court's explanation for the revocation sentence, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

to (a)(7) were inapplicable to his sentence and that 18 U.S.C. § 3553(a)(2)(D) did not support a term of supervised release. However, the district court did not rely on these factors in imposing the supervised release term. Oliver also maintains that the nature and circumstances of his offense and his history and characteristics (18 U.S.C. § 3553(a)(1)), the need for deterrence (18 U.S.C. § 3553(a)(2)(B)), and the need to protect the public (18 U.S.C. § 3553(a)(2)(C)) did not warrant a supervised release term. Specifically, he contends that there was no need to protect the public because he no longer possessed firearms and therefore had not returned to the conduct that resulted in his initial conviction. He further contends that his supervised release violations amounted to mere "non-criminal failure to follow rules," so supervised release was unnecessary to deter any further crimes. Rather than merely failing to follow rules, Oliver engaged in criminal conduct while on supervised release, including illegal drug use and selling cocaine. Furthermore, the court recognized Oliver's history of violent crimes in expressing concern about the public. Under the totality of the circumstances, we conclude that the district court stated an appropriate basis for imposing a term of supervised release in addition to a term of imprisonment. *Coston*, 964 F.3d at 297.